Newman, J.
The claim of plaintiffs in error is that the trial court prevented them from having an impartial jury in admitting the three jures who were challenged for cause, particularly Cooper-rider, whose examination on his voir dire is set out in full in the statement of the case. In view of the conclusion we have reached it is not necessary to consider the competency of the jurors other than Cooperrider.
It is beyond question that the. right of trial by jury guaranteed by the. constitution carries with it by necessary implication the right to a trial by a jury composed of unbiased and unprejudiced jurors. This right being guaranteed, all courts are charged with the imperative duty of affording every litigant the opportunity of having his cause tried by an impartial jury. What was said by McIlvaine, J., in Palmer v. State, 42 Ohio St., 596, at page 604, applies with equal force to juries in civil cases: “It must, however, be affirmed, that neither legislative discretion nór a discretion con *388 ferred by the legislature upon the court, can be allowed to detract one jot or tittle from the guarantee of the constitution that the accused shall be tried by an impartial jury.”
To safeguard this right and to define in a measure what shall constitute an impartial jury in the trial of civil cases, the general assembly has enacted Sections 11437 and 11438, General Code. In the former section are enumerated a number ofi what are termed good causes for challenge to any person called as a juror for the trial of any cause, and these causes are further referred to in the section as principal causes of challenge. Section 11438, General Code, under favor of which the challenges in the instant case were made, is as follows: “Any petit juror may be challenged also on suspicion of prejudice against, or partiality for either party, or for want of a competent knowledge of the English language, or other cause that may render him at the time an unsuitable juror. The validity of such challenge shall be determined by the court, and be sustained if the court has any doubt as to the juror’s being entirely unbiased.”
This section as originally enacted provided for a challenge on suspicion of prejudice against or partiality for either party, for want of competent knowledge of the English language, or any other cause that might render him at the time an unsuitable juror, and the validity of the challenge was to be determined by the court. On April 29, 1902 (95 O. L., 308), the section was amended, and there was added this language, “and shall be sus *389 tained if the court has any doubt as to the juror being entirely unbiased.”
In Dew v. McDivitt, 31 Ohio St., 139, the section, as it read prior to the amendment to which we have referred, was before the court for consideration. It was there held: “On the trial of the validity of a challenge alleged against a juror, other than a principal cause of challenge, a sound discretion is allowed to the court.” Notwithstanding the amendment to the section under consideration, the rule above stated should be adhered to and great latitude of discretion, allowed to the trial court as to the validity of the challenge, and a judgment should not be reversed because of the failure of the court to sustain a challenge to a juror upon the ground of prejudice or bias, unless it appear that there has been abuse of discretion and that the litigant has been denied his constitutional right to an impartial jury.
The bias complained of in this case should not be confused with bias or prejudice which disqualifies a juror and is usually sought for by the question: “Have you formed or expressed an opinion in the case ?” In the cases cited by counsel for defendant in error it appears that the juror had formed or expressed an opinion as to the merits of the case, and the trial court having examined him as to the ground of his opinion, and he having stated that he could render an impartial verdict notwithstanding his opinion, he was admitted as a juror. Such cases are not decisive of the question involved here, for it is not and cannot be claimed that the bias of the juror, Cooperrider, *390 related to any opinion which he had formed or expressed as to the merits of the cause which was being tried. On his voir dire he stated that he was a depositor in a certain bank and had a feeling on the subject against Lingafelter, one of the plaintiffs in error, and that whether the case being tried, had anything to do with the bank failure or not he would still have a feeling against him; and, further, that in starting into the trial of the case he could not get that feeling out of his mind.
This testimony unquestionably showed the existence of a state of mind evincing a bias against Lingafelter. There was a leaning against him and the juror’s mind was certainly not indifferent. It was a feeling against Lingafelter personally; an actual bias. The statement that he could lay aside the prejudice and impartialy try the case is nothing more than the expression of an opinion. It could not affect the showing of actual bias made, or remove or overcome the ground of challenge. It is different from a case where the juror has formed or expressed an opinion on the merits of the case. As has been said, the forming or expressing such opinion is strong evidence of prejudice which is inconsistent with impartiality; but that it is equivalent to partiality and renders the juror incompetent is not true. But actual bias against a litigant personally is wholly inconsistent with impartiality.
We are of the opinion that but one conclusion could have been legally drawn from the undisputed facts, and that is that Cooperrider was a biased juror. Under the provisions of Section 11438 it is mandatory upon the court to sustain a challenge *391 if it has any doubt as to the juror being entirely unbiased. For the trial court to hold that there was no doubt as to Cooperrider being entirely unbiased, after he had admitted that he was, was a manifest abuse of discretion; and to overrule the challenge of plaintiffs in error after their peremptory challenges had been exhaustéd, thereby denying them their constitutional right to an impartial jury, warrants a reversal of the judgment below.

Judgment reversed.

Nichols, C. J., Wanamaker, Jones, Matthias, Johnson and Donahue, JJ., concur.